UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT J. BUECHEL,

        Plaintiff,

v.                                          Case No. 18-cv-288-pp

NANCY BOWENS, PATRICK MURPHY, MD,
MELANIE BERNIER, and JOHN AND JANE DOES,

        Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR PLAINITFF'S FAILURE TO PROSECUTE AND FAILURE TO APPEAR AT HIS DEPOSITION OR, ALTERNATIVELY, STAY THE DISPOSITIVE MOTION DEADLINE (DKT. NO. 27)**

---

      When the plaintiff filed his complaint in February 2018, he was in custody at Oshkosh Correctional Institution. Dkt. No. 1 at 15. On May 31, 2018, the clerk's office received a notice from the plaintiff, indicating that he was going to be released from Oshkosh on June 5, 2018 and that his new address would be P.O. Box 213, Fond du Lac, WI 54936. Dkt. No. 16. Since then, the court has heard nothing from the plaintiff—it has not received any correspondence or pleadings from him in the last nine months.

      The defendants have asked the court to dismiss the plaintiff's case for failure to prosecute and failure to appear at his deposition. Dkt. No. 27. The defendants also ask that the court stay the deadline for dispositive motions pending the outcome of this motion. Id.

The defendants explain that on January 16, 2019, they served the plaintiff—by certified and regular mail—with notice that they planned to depose him on February 5, 2019. Id. They attach the notice of deposition—it is addressed to the plaintiff at the PO Box address the plaintiff provided to the court. Dkt. No. 29-1 at 2. They also attach the returned certified mail envelope, which bears the same address. Id. at 4. The envelope is postmarked January 16, 2019; it bears a red stamp that says, "1st NOTICE," next to which someone has handwritten, "1-18-19;" a red stamp that says "2nd NOTICE," next to which someone has handwritten "1-23-19," and a red stamp that says "RETURNED," next to which someone has handwritten "2-2-2019." Id. There is a yellow "RETURN TO SENDER" sticker affixed to the envelope. It is dated February 8, 2019, and reads, "UNCLAIMED UNABLE TO FORWARD." Id. The defendants assert that because the certified mail envelope shows that the first delivery attempt was made on January 18, 2019, "[i]t follows that the regular mail was delivered to the Plaintiff's post office box on that same day." Dkt. No. 28 at 2. The defendants state that the plaintiff neither appeared for the February 5, 2019 deposition nor contacted them to reschedule. Id. The defendants assert that days later, on February 12, 2019, they received the certified mail receipts showing that the notice couldn't be delivered and had been returned as unclaimed. Id. The defendants say that the regular mail notice was not returned as undelivered, and that they have received no

indication that it wasn't delivered and no indication that there is a forwarding address. Id. at 2-3.

The defendants argue that the plaintiff has failed to provide the court and the defendants with a proper address and urge the court to dismiss his case for failure to prosecute. Id. at 4-5. In the alternative, they ask the court to require the plaintiff to pay the cost of the missed deposition before allowing him to proceed with the suit. Id. at 4. Finally, they ask the court to stay the dispositive motions deadline. Id.

Under Fed. R. Civ. P. 37(d)(1)(A)(i), a party who "fails, after being served with the proper notice, to appear for that person's deposition" may be sanctioned by the court. Such sanctions include ordering dismissal of the case. Fed. R. Civ. P. 37 (2)(A)(v). Similarly, Fed. R. Civ. P. 41(b) allows a defendant to ask the court to dismiss a case for failure to prosecute it. Whether to grant such a motion is within the court's discretion.

The court realizes that it is costly and frustrating for a party to schedule a deposition, appear at that deposition and find the deponent missing with no explanation. It is a waste of time and resources. The court suspects, however, that this is not the first time that counsel for the defendants has encountered such a situation in a case involving a *pro se* prisoner. The plaintiff was released from custody last summer. The defendants may be right that he has chosen not to pursue this suit now that he is out, but it is not comfortable exercising its discretion to dismiss the plaintiff's case on an assumption that the mailed

3

version of the notice must have gotten to the plaintiff, or that the plaintiff has a different address and has not notified the court of that fact. In fact, the court's staff recently has spoken with the plaintiff's probation officer and learned of a new address. It is possible that in the confusion of events surrounding his release and transition back into the community, the plaintiff simply forgot to advise the court of this new address.

The court will deny the defendants' request to dismiss the case and to require the plaintiff to pay the cost of the deposition prior to proceeding with the case. The court will grant the defendants' request to stay the dispositive motion deadline. It also will give the plaintiff the opportunity to update the court with his new address. If the court receives a notice of change of address from the plaintiff by the deadline it sets below, the court will allow the defendants to schedule another deposition and will set new deadlines. If the plaintiff fails to update the court will his new address by the deadline, the court may dismiss of the case for the plaintiff's failure to diligently pursue it. See Civ. L.R. 41(c) (E.D. Wis.).

The court **ORDERS** that the defendants' motion to dismiss for plaintiff's failure to prosecute and failure to appear at his deposition or, alternatively, motion to stay the dispositive motion deadline is **DENIED** to the extent that it seeks dismissal of the case and payment of the costs of the deposition. Dkt. No. 27.

The court **ORDERS** that the defendant's motion is **GRANTED** to the extent that it asks the court to stay the dispositive motions deadline. Dkt. No. 27.

The court **ORDERS** that the dispositive motion deadline of March 21, 2019, set in the court's October 22, 2018 scheduling order, is **STAYED** until further order of the court.

The court **ORDERS** that by the end of the day on **Monday, March 25, 2019**, the plaintiff shall provide the court with an accurate mailing address. If the court does not receive a change-of-address notice by the end of the day on March 25, 2019, the court will dismiss the case for failure to prosecute it.

The court will send a copy of this order to Robert Buechel at W6905 Shady Brook Circle, Fond du Lac, Wisconsin 54935.

Dated in Milwaukee, Wisconsin, this 11th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**